UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PASTEL R.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendants.

6:22-cv-1689-JR

OPINION & ORDER

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income. Plaintiff asserts disability beginning May 28, 2017, due to piriformis, high blood pressure, migraines, cervical degenerative disc disease, depression, and anxiety. Tr. 18, 65. After a hearing held on September 13, 2021, an Administrative Law Judge (ALJ) determined plaintiff was not disabled. Tr. 33-64, 26. Plaintiff contends the ALJ erred by not incorporating all his limitations in the residual

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION & ORDER

functional capacity ("RFC"). For the reasons set forth below, the Commissioner's decision is affirmed, and this case is dismissed.

Plaintiff's Residual Functional Capacity

Plaintiff argues that the ALJ failed to incorporate plaintiff's adaptive functioning and social interaction limitations in the RFC.

The RFC "is the most [a claimant] can do despite [their] limitations. 20 C.F.R. § 416.945(a)(1). The RFC must consider all of a claimant's medically determinable impairments, both severe and non-severe. 20 C.F.R. § 416.945(a)(2). However, the ALJ is only required to include those limitations that the ALJ has determined are consistent with the record as a whole. See *Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 (9th Cir. 2007).

Regarding plaintiff's mental limitations, the ALJ found:

> The ability to understand, remember, and carryout instructions is limited to performing simple and routine tasks at reasoning level 2 or less. Using judgment is limited to simple work-related decisions. Interaction with supervisors, coworkers, and the general public is restricted to occasionally. Dealing with changes in a workplace setting would again be limited to simple work-related decisions. Time off-task, in addition to normal breaks, would be up to 5% scattered throughout the workday.

Tr. 20. Plaintiff argues that this RFC fails to incorporate limitations that the ALJ previously found. Specifically, at step two, the ALJ found that plaintiff had moderate limitations in adapting or managing himself and in interacting with others. Tr. 19-20. However, these step two limitations are not a residual functional capacity assessment but are instead used to rate the severity of mental impairments. SSR 96-8p, 1996 WL 374184. An ALJ is not necessarily obligated to include those limitations verbatim in the RFC. *See* 20 C.F.R. § 416.920a. The mental RFC assessment is a more detailed assessment of a claimant's capabilities and limitations. SSR 96-8p, 1996 WL 374184.

Page 2 – OPINION & ORDER

Here, the ALJ provided a much more detailed assessment of plaintiff's mental limitations. Although the ALJ found that plaintiff had moderate limitations in adapting or managing himself, the ALJ also noted that "[d]espite limitation, [plaintiff] has acted as a fulltime caregiver for his young child for a significant portion of the adjudicatory period. . . . Additionally . . . he remains able to perform light household chores, pay bills, and self-manage his own medications." Tr. 20; *see* tr. 292, 293, 294, 318, 319, 320, 527. The ALJ accounted for this limitation, but based on plaintiff's self-reports, still found plaintiff capable of performing simple, routine tasks and making simple work-related decisions. Tr. 22-23.

Similarly, while the ALJ found that plaintiff has a moderate limitation in interacting with others, the ALJ noted that plaintiff "continues to socialize with family and friends . . . interacts appropriately with providers on examinations [and] is able to go shopping." Tr. 19; *see* tr. 295, 296, 322, 324. The ALJ then reasonably crafted the RFC to limit interaction with supervisors, coworkers, and the general public to "occasionally." Tr. 20.

To the extent plaintiff argues the ALJ erred when evaluating the opinion of state agency consultant Christal Janssen, Psy.D., the ALJ's finding is supported by substantial evidence. On reconsideration, Dr. Janssen opined that plaintiff was limited to rote work with incidental interpersonal contact. Tr. 85. The ALJ found these extreme limitations were not consistent with the longitudinal record. Tr. 24. The ALJ found a limitation to repetitive tasks was not warranted because plaintiff consistently presented with normal attention span and concentration. Tr. 24; *see, e.g.*, tr. 536, 540. The ALJ also found that plaintiff "has demonstrated an ability to interact occasionally with the public, people he is familiar with, and people in positions of authority by his ability to engage in ongoing socialization with friends and family, shop, and engage appropriately with providers at medical appointments." Tr. 24-25; *see, e.g.*, 295, 296, 322, 324.

The Court must affirm the Commissioner's decision so long as the decision is based on proper legal standards and the findings are supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Plaintiff has identified no legal error and the ALJ's findings regarding plaintiff's mental limitations are supported by substantial evidence.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 5th day of September, 2023.

    /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge